9. To establish a constructive discharge under Illinois law, a plaintiff must show that "the employer deliberately or intentionally made the employee's working conditions so intolerable that a reasonable person would have felt compelled to resign to escape the intolerable conditions." Propst v. Bitzer, 39 F.3d 148, 154 n. 5 (7th Cir. 1994); Dudycz v. City of Chicago, 563 N.E.2d 1122, 1126 (Ill. App. Ct. 1990).

10. Retaliatory discharge "is a limited exception to the general rule that an at-will employee is terminable at any time for any reasons." Chicago Commons Ass'n v. Hancock, 804 N.E.2d 703, 705 (Ill. Ct. App. 2004).

11. "To establish a cause of action for retaliatory discharge, a claimant must show: (1) he was discharged in retaliation for his activities; and (2) the discharge violated a clearly mandated public policy." Chicago Commons Ass'n v. Hancock, 804 N.E.2d 703, 705 (Ill. Ct. App. 2004).

12. "In order to constitute a clearly mandated public policy excepting justifying application of the tort of retaliatory discharge, the matter 'must strike at the heart of a citizen's social rights, duties, and responsibilities." Geary v. Telular Corp., 793 N.E.2d 128, 134 (Ill. Ct. App. 2003).

IV. **Argument**

A. **Burrus Fails To State A Claim Upon Which Relief Can Be Granted For Retaliatory Constructive Discharge**

The sole cause of action asserted in Burrus' Complaint is for retaliatory constructive discharge. (Complaint, ¶¶ 27, 28, 29). However, Illinois courts (including the Illinois Supreme Court), and federal courts applying Illinois law, have long held that no such cause of action exists under Illinois law. "Illinois courts have repeatedly expressed their reluctance to expand the tort [of retaliatory discharge] beyond its original confines, particularly